# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL RUTHERFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) 15 C 10942 |
| v. | ) |
| | ) Judge John Z. Lee |
| GREG SCOTT, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

In 2009, Petitioner Samuel Rutherford was civilly committed as a sexually violent person under the Illinois Sexually Violent Persons Commitment Act (SVPCA), 725 Ill. Comp. Stat. 207/1 *et seq.* Since then, he has been in state custody at a treatment and detention center operated by the Illinois Department of Human Services. In 2015, he filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his custody. After Respondent filed a motion to dismiss the petition as untimely, Rutherford filed a motion to voluntarily dismiss the petition without prejudice to his ability to file a subsequent petition after he exhausts available remedies in state court. For the reasons that follow, Rutherford's motion is granted, and Respondent's motion is denied as moot.

## Background

In 2007, the State of Illinois filed a petition in the Circuit Court of DuPage County, Illinois, to have Rutherford civilly committed under the SVPCA. In 2009, after Rutherford stipulated to the allegations in the State's petition, the court

entered a judgment ordering Rutherford to be civilly committed. Rutherford appealed the judgment to the Illinois Appellate Court, which affirmed the judgment on March 9, 2011. *See In re Commitment of Rutherford*, No. 2-09-0794, 2011 WL 10099711, at *1 (Ill. App. Ct. Mar. 9, 2011). Rutherford did not file a petition for leave to appeal before the Illinois Supreme Court. To this day, he remains civilly committed at the Illinois Department of Human Services's Treatment and Detention Facility in Rushville, Illinois.

In 2015, Rutherford filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 before this Court.[1] He challenges his civil commitment on the ground that it violates the Fourteenth Amendment's Due Process Clause. Pet. at 5–6, ECF No. 1. Specifically, he argues that the State's determination that he has a mental disorder justifying his ongoing civil commitment is erroneous because it is improperly based upon events that took place while he was a minor, medically unreliable "risk assessment tools," and testimony of nonmedical witnesses. *Id.* at 5–

---

[1] Although the state court that ordered Rutherford to be civilly committed is located in DuPage County, which is in the Northern District of Illinois, the detention facility where Rutherford is in custody is located in Schuyler County, which is in the Central District of Illinois. *See* 28 U.S.C. § 93. Under 28 U.S.C. § 2241(a), federal district courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court has "jurisdiction" to issue a writ of habeas corpus under § 2241(a) if the petitioner's custodian is located in the judicial district where the court sits. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). The Seventh Circuit has held that § 2241(a) operates as a venue provision, rather than a provision governing federal subject-matter jurisdiction. *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004). Thus, unlike deficiencies in subject-matter jurisdiction, challenges to a court's "jurisdiction" under § 2241(a) may be waived or forfeited. *Id.* Here, neither party has raised arguments regarding jurisdiction or venue under § 2241(a). The Court therefore deems such arguments waived and need not consider whether Rutherford filed his habeas petition in the proper district.

2

10. When Rutherford filed his habeas petition, it was originally assigned to the docket of the Honorable James B. Zagel. The case was reassigned on April 6, 2017.

## **Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may issue a writ of habeas corpus only if the petitioner demonstrates that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A person in custody pursuant to a civil commitment order entered by a state court may challenge the legality of his custody under AEDPA. *See Stanbridge v. Scott*, 791 F.3d 715, 721 (7th Cir. 2015) (citing *Ambrose v. Roeckeman*, 749 F.3d 615, 616 (7th Cir. 2014)); *Martin v. Bartow*, 628 F.3d 871, 873 (7th Cir. 2010). When a petitioner proceeds *pro se*, the Court must construe his filings liberally. *Martin*, 628 F.3d at 878 (citing *Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)).

Subject to limited exceptions, a federal court may not grant habeas relief unless the petitioner first "exhaust[s] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). To meet the exhaustion requirement, a petitioner challenging his custody pursuant to a judgment entered by an Illinois court must appeal the judgment to the Illinois Appellate Court, as well as present his claims in a petition for leave to appeal before the Illinois Supreme Court. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–46 (1999)).

3

## Analysis

In January 2016, Respondent filed a motion to dismiss Rutherford's habeas petition as untimely. Resp't's Mot. Dismiss at 3–7, ECF No. 7. Rutherford subsequently filed a motion to voluntarily dismiss his petition, requesting that the dismissal be "without prejudice and with leave to reinstate upon exhaustion of state court remedies." Pet'r's Mot. Dismiss at 1, ECF No. 15. In support of his motion for voluntary dismissal, Rutherford asserts that annual re-evaluation proceedings are pending in the Circuit Court of DuPage County pursuant to 725 Ill. Comp. Stat. 207/55. *Id.* at 2. He further states that he is represented by counsel in the state court proceedings and that he intends to ask counsel to bring the issues raised in his federal habeas petition before the state court in the first instance. *Id.*

Respondent does not dispute that a federal court may dismiss a habeas petition where the petitioner seeks voluntary dismissal. Rather, in opposing Rutherford's motion, Respondent's sole argument is that the petition should be dismissed with prejudice as untimely, instead of dismissed without prejudice in the manner that Rutherford requests. Resp. Pet'r's Mot. Dismiss at 2–3, ECF No. 16. The difference matters, because the basis on which the Court dismisses Rutherford's petition determines whether a subsequently filed petition would be deemed "second or successive" for purposes of AEDPA. Under 28 U.S.C. § 2244(b), a habeas petitioner may not file a second or successive petition without prior permission from a federal court of appeals. 28 U.S.C. § 2244(b). When a habeas petition is dismissed as premature—such as when a petition is filed before the

4

petitioner has exhausted available state court remedies—a subsequently filed petition is not "second and successive" under § 2244(b). *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)). By contrast, when a habeas petition is voluntarily dismissed "in the face of an imminent loss"—that is, when the dismissed petition is defective in a way that cannot be cured through a subsequent filing—a subsequently filed petition counts as "second and successive" and is therefore subject to § 2244(b)'s restrictions. *Id.* (citing *Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997)). According to Respondent, the Court's dismissal of Rutherford's petition should be treated as a dismissal "in the face of an imminent loss" because the petition is "indisputably time-barred." Resp. Pet'r's Mot. Dismiss at 1–2. The Court disagrees.

Under 28 U.S.C. § 2244(d)(1), a federal habeas petition brought by "a person challenging his custody pursuant to the judgment of a State court" is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of four events enumerated in that provision. *Id.*; *see also Martin*, 628 F.3d at 873. Here, the only event at issue is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the question of whether Rutherford's habeas petition is time-barred under § 2244(d)(1) turns on whether his habeas petition challenges the original civil commitment order that was entered in 2009 (for which direct review concluded on March 9, 2011), or

5

whether it instead challenges some later state court judgment pursuant to which Rutherford's civil commitment remains ongoing.

The Seventh Circuit addressed a similar question in *Martin v. Bartow*, 628 F.3d 871 (7th Cir. 2010). In that case, the petitioner, Stanley Martin, had been civilly committed as a sexually violent person in 1996 pursuant to a Wisconsin statute. *Id.* at 872. The statutory scheme at issue required the State to reexamine civilly committed individuals at least once each year to determine whether they still qualified as "sexually violent persons." *Id.* at 873 (citing Wis. Stat. § 980.07). Wisconsin law also permitted civilly committed individuals to challenge their civil commitment at any time by filing a discharge petition. *Id.* (citing Wis. Stat. § 980.09). In 2005, Martin filed a discharge petition in state court. *Id.* Direct review of the discharge petition concluded on August 18, 2008, and, a few weeks later, Martin filed a federal habeas petition challenging the legality of his civil commitment. *Id.* The district court construed the habeas petition as a challenge to the original commitment order issued in 1996, and it therefore dismissed the petition as untimely under § 2244(d)(1)'s one-year limitations period. *Id.* at 873–74.

On appeal, the Seventh Circuit reversed, holding that Martin's habeas petition should have been construed as a challenge to the state court judgment denying the discharge petition in 2005. *Id.* at 874. In so holding, the Seventh Circuit looked to "the substance of the claims" in Martin's petition and concluded that the petition primarily challenged Martin's current status as a sexually violent person, rather than the original commitment order. *Id.* at 874–78. The Seventh Circuit explained that

6

Martin was "in custody pursuant only to the most recent order extending his commitment for another year"—that is, the 2005 order denying his discharge petition—and that the limitations period therefore began to run on August 18, 2008, when direct review of the 2005 order concluded. *Id.*

Although *Martin* involved Wisconsin law rather than Illinois's SVPCA, *Martin* sheds light on the present case, given key similarities between Wisconsin's and Illinois's respective statutory schemes. Like the Wisconsin statutes at issue in *Martin*, the SVPCA permits civil commitment of individuals who are deemed to be "sexually violent persons." *See* 725 Ill. Comp. Stat. 207/40(a); *see also Varner v. Monohan*, 460 F.3d 861, 862 (7th Cir. 2006) (discussing the SVPCA). Once an individual has been civilly committed under the SVPCA, the State must submit a written report to the committing court at least once per year to determine whether the individual is still a sexually violent person who qualifies for civil commitment. 725 Ill. Comp. Stat. 207/55(a). In addition, the SVPCA provides that a person may challenge his status as a sexually violent person and seek to end his civil commitment by filing a discharge petition with the committing court. 725 Ill. Comp. Stat. 207/65(a)–(b). Given these parallels, the Court concludes that the reasoning in *Martin* applies to habeas proceedings initiated by individuals who challenge their civil commitment under the SVPCA. *See Hoppes v. Scott*, No. 15-CV-610-DRH-CJP, 2016 WL 5944442, at *4 (S.D. Ill. Oct. 13, 2016) (applying *Martin*'s reasoning to habeas proceeding brought by petitioner who was civilly committed under the SVPCA); *Evans v. Scott*, No. 15-CV-1122-DRH-CJP, 2016 WL

5409007, at *4 (S.D. Ill. Sept. 28, 2016) (same). As such, to determine whether Rutherford's habeas petition is time-barred, the Court considers whether the substance of the petition challenges Rutherford's original civil commitment order, or whether it instead challenges his current status as a sexually violent person. *See Martin*, 628 F.3d at 874–78.

As noted above, Rutherford's habeas petition challenges his civil commitment on due process grounds. In particular, it challenges the State's determination that Rutherford has a mental disorder justifying his civil commitment, arguing that this determination is erroneous because it is improperly based upon consideration of inappropriate evidence and medically unreliable "risk assessment tools." Pet. at 5–10. Several times in the petition, as Respondent points out, Rutherford does reference the "judgment" pursuant to which he has been civilly committed. *See, e.g.*, *id.* at 14 ("[P]etitioner asks that . . . the petitioner's civil commitment under the Illinois SVPCA and the underlying judgment be vacated, reversed and voided."). But at other times, Rutherford focuses instead on his current status as a sexually violent person. For example, he claims that, because the circumstances that led to his commitment happened when he was sixteen years old when his brain was still developing, his "*current*, adult mental health mental disorder diagnosis cannot be medically justified." *Id.* at 5 (emphasis added). In fact, Rutherford claims, he "has no symptoms and does not qualify for civil commitment." *Id.* at 9. He also emphasizes that he is "re-committed" each year pursuant to the annual reevaluation proceedings that are conducted in state court pursuant to 725 Ill.

8

Comp. Stat. 207/55, *id.* at 12, and that "[e]ach year, the State re-proffers the exact same evidence used in the initial civil commitment petition to continue the commitment/judgment of civil commitment." *Id.* at 14. Along these lines, Rutherford appears to argue that his mental health has changed since the time of his original civil commitment, stating that the evidence pursuant to which he is annually reevaluated is "in a constant state of development[,] unlike evidence found in the typical criminal context." *Id.* at 13.

Construed liberally, Rutherford's references to his current mental health indicate that he seeks to challenge his present status as a sexually violent person. Moreover, the references in his petition (as well as in his motion for voluntary dismissal) to the annual state-court reevaluation proceedings further buttress this conclusion, because those annual proceedings implicate the continuation of Rutherford's civil commitment in light of any changes in his current mental health. *See Martin*, 628 F.3d at 877 ("[A] person's current status as a sexually violent person is a determination that is constantly and forever disputable as a matter of constitutional law . . . and [state] statutory law."). The Court therefore construes the claims in Rutherford's *pro se* habeas petition as challenging his current status as a sexually violent person, rather than the original commitment order entered in 2009.

Of course, unlike the petitioner in *Martin*, Rutherford does not yet have a state court judgment other than the original commitment order pursuant to which he can challenge his ongoing civil commitment. But that is precisely why he has

moved to voluntarily dismiss his habeas petition: so that he can raise the claims therein in state court proceedings initiated under the SVPCA and thereby exhaust his available state court remedies. *See* Pet'r's Mot. Dismiss at 2–3. After Rutherford raises his claims before the appropriate state court, such as by filing a discharge petition in the committing court under 725 Ill. Comp. Stat. 207/65(a)–(b), the state court will enter a judgment, and his one-year limitations period under § 2244(d)(1) will begin to run once direct review of that judgment concludes. *See Martin*, 628 F.3d at 874 (holding that "each state court order continuing [a petitioner's] commitment or denying his challenge to such commitment constitutes a new judgment for purposes of AEDPA, and therefore starts a new statute of limitations period"). As such, the Court rejects Respondent's arguments that the claims in Rutherford's petition should be dismissed as time-barred.

Respondent raises one final issue in seeking dismissal on grounds of untimeliness. Namely, Respondent points out that, before this case was reassigned, Judge Zagel entered a minute order stating as follows:

> Petitioner's Motion for Attorney Representation is denied. Petitioner has demonstrated in his motion that he possesses the competence and resources to represent himself, particularly in a straightforward habeas claim of untimeliness. Additionally, appointment of counsel would be futile *because Petitioner's 2015 habeas challenge to a 2009 judgment is time-barred*.

Minute Order of 5/17/2016 (emphasis added); *see also* Resp. Pet'r's Mot. Dismiss at 1. To the extent Respondent intends to argue that this minute order is dispositive of the timeliness issues in this case, the Court rejects this argument as well. Judge Zagel's minute order ruled only upon Rutherford's motion for appointment of

10

counsel. It did not engage in a legal analysis of the timeliness issues, nor did it purport to rule on the merits of either party's motion to dismiss. In fact, when the minute order was entered, Rutherford had not yet filed his motion for voluntary dismissal, and he thus had not yet communicated to the Court that he wished to dismiss this case for the purpose of exhausting his state court remedies. For these reasons, the minute order's characterization of Rutherford's petition as time-barred does not control the outcome of the parties' respective motions to dismiss. *Cf. Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (explaining that "the law of the case doctrine is discretionary and does not preclude a district court from reopening" an issue that may have been previously addressed by another district court judge, particularly in light of new developments after reassignment of the case).

In sum, the Court declines to dismiss Rutherford's petition as time-barred or to characterize the voluntary dismissal of his petition as a "voluntary dismissal in the face of an imminent loss," as Respondent asks the Court to do. Instead, the Court grants Rutherford's motion to voluntarily dismiss this case for the purpose of exhausting state court remedies. This dismissal does not render any future federal habeas petition that Rutherford may choose to file a second and successive petition for purposes of § 2244(b). *Altman*, 337 F.3d at 766 (citing *Slack*, 529 U.S. at 485–86).

## Conclusion

For the reasons stated herein, Rutherford's motion to voluntarily dismiss his habeas corpus petition [15] is granted. The dismissal is without prejudice to his ability to file a later habeas petition after he has exhausted available state court

11

remedies.  Respondent's motion to dismiss the petition [7] is denied as moot.  This case is hereby terminated.

**IT IS SO ORDERED.**            ENTERED   9/6/17

_____
**John Z. Lee**
**United States District Judge**